In the Matter of the Application of MAURICE CALMAN and HAROLD BAER on Their Own Behalf and on Behalf of All Other Persons Designated as Candidates for Election to the Party Position of County Committeemen of the American Labor Party in the County of New York, and HAROLD BAER as First Member of Committee on Vacancies on American Labor Party Designating Petitions, Petitioners, Appellants, for an Order Pursuant to Article 14 and Sections 330 and 335 of the Election Law, against S. HOWARD COHEN and Others, Commissioners of Elections of the City of New York, Constituting the Board of Elections of the City of New York, and EUGENE P. CONNOLLY, Chairman of the New York County Committee of the American Labor Party, Respondents.

First Department, September 9, 1941.

*Copal Mintz* and *I. Arnold Ross* of counsel [*Harold Baer*, attorney], for the appellants.

*Samuel M. Blinken* of counsel, for respondent Eugene P. Connolly, chairman of the New York County Committee of the American Labor Party.

*Thomas W. A. Crowe* of counsel, for the respondent board of elections of the city of New York.

PER CURIAM. This proceeding was instituted to require the board of elections to include upon the American Labor Party primary ballots in twenty-one election districts the names of candidates for county committee designated in petitions filed by appellants to which no objection was taken and which the board of elections on its own motion and without notice of hearing on August twenty-eighth ordered omitted from the printed ballot to be used on primary day.

In each of the election districts in question the boundary lines had been changed since the gubernatorial election of 1938.

The rules of the county committee of the American Labor Party provide, as authorized by section 12 of the Election Law, for the

election to the county committee in each election district of two members " plus one additional member for each fifty votes over the first fifty cast in that election district for the Party candidate for Governor under the Party emblem at the last gubernatorial election." The party rules make no reference to the number of county committeemen to be elected in an election district, the boundaries of which had been changed since the last preceding gubernatorial election. However, the statute (Election Law, § 12) clearly indicates that where the rules of the county committee of a party provide for additional members of the county committee proportional to the party vote in the district for Governor at the last preceding gubernatorial election, provision should also be made for additional members in election districts where the boundary lines of such districts have been changed since the last preceding gubernatorial election proportional to the party vote cast for members of the Assembly at the last preceding general election.

In the statement which the chairman of the county committee filed with the board of elections on July 29, 1941, pursuant to section 18 of the Election Law, he specified with respect to the election districts in question that there were to be elected only two county committeemen for such districts, whereas, in fact, on a proportional basis these districts were entitled to three or more county committeemen. The county committee chairman's statement was not required to be filed, and was not in fact filed, until July twenty-ninth, which was twenty-nine days after the date when designating petitions might be circularized pursuant to the provisions of the Election Law, to wit, July 1, 1941 (Election Law, § 136, subd. 4), and only two weeks before the last day for the filing of petitions, the statute providing that the filing be made between August fifth and August twelfth (Election Law, § 140).

The petitions of appellants were circulated beginning July first and were later duly filed designating the full number of candidates provided by section 12 of the Election Law. The statement of the chairman of the county committee filed on July 29, 1941, limiting the number of county committeemen to two in the election districts in question, while in other election districts a greater number were permitted when the vote at the previous gubernatorial election warranted it, denied to voters in the disputed election districts equality of representation. The designating petitions of appellants specified the correct number of county committee candidates in the disputed districts and the Special Term should have ordered the board of elections to print the names of appellants' candidates as filed by them.

We think that the proceedings were properly instituted and that in the circumstances of this case there was no showing of laches on the part of the petitioners.

The order should be reversed and the motion of petitioners should in all respects be granted.

Present — O'MALLEY, GLENNON, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed and the motion granted, without costs.